IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

MIGUEL PALACIOS PLATA, #1710334 §

VS. § CIVIL ACTION NO. 4:15cv805

DIRECTOR, TDCJ-CID §

ORDER OF DISMISSAL

Petitioner Miguel Palacios Plata, a prisoner confined in the Texas prison system, filed the above-styled and numbered petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He is challenging his Collin County conviction for the offense of indecency with a child by contact (5 counts). The case was referred to United States Magistrate Judge Christine A. Nowak, who issued a Report and Recommendation concluding that the petition should be denied. Petitioner has filed objections.

Magistrate Judge Nowak concluded that the petition is time-barred by the one year statute of limitations. 28 U.S.C. § 2244(d)(1). Petitioner was convicted after a jury trial on March 28, 2011. On August 8, 2012, the Fifth Court of Appeals affirmed the conviction. *Plata v. State*, No. 05-11-00483-CR, 2012 WL 3194304 (Tex. App. - Dallas 2012, pet. ref'd). The Texas Court of Criminal Appeals refused his petition for a discretionary review on January 16, 2013. *Plata v. State*, No. PD-1274-12 (Tex. Crim. App. 2013). Petitioner's conviction became final on April 16, 2013, when the time for filing a petition for discretionary review expired. *See Roberts v. Cockrell*, 319 F.3d 690, 693-95 (5th Cir. 2003) (finality determined by expiration of time for filing further appeals). The present petition was due no later than one year later on April 16, 2014, in the absence of tolling provisions. It was not filed until November 13, 2015. Petitioner did not file an application for a writ of habeas

1

corpus in state court until May 16, 2014. By then, the limitations period had already expired. The pendency of the state application did not effectively toll the deadline. Similarly, his subsequent state applications did not effectively toll the deadline. The petition was not filed timely.

In both his petition and objections, Petitioner argues that his petition should still be considered because he is actually innocent. The Supreme Court has held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . the expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). *See also Tamayo v. Stephens*, 740 F.3d 986, 990 (5th Cir. 2013). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* at 329.

In the present case, Petitioner argues that text messages between the victim and her mother demonstrate "that a plan and conspiracy were being perpetuated against the Petitioner to falsely accuse him of the offenses ascribed to him" (Dkt. #17, page 6). However, he acknowledges that he and his trial attorney were in possession of the text messages and attempted to enter them into evidence at his trial. *Id.* As the text messages were available at the time of Petitioner's trial, he provides no "new evidence" of actual innocence. In his objections, Petitioner admits that he and his attorney were in possession of the text messages at the time of trial, which he stresses is the basis for his claim of actual innocence. However, a claim of actual innocence must be based on "new evidence." Petitioner has

not made the requisite showing. His petition is not saved by the actual innocence exception to the statute of limitations. The petition should be dismissed as time-barred.

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Petitioner to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and Petitioner's objections are without merit. Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly

**ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the case is **DISMISSED** with prejudice. It is further

**ORDERED** that a certificate of appealability is **DENIED**. It is finally

**ORDERED** that all motions not previously ruled on are **DENIED**.

**SIGNED this 21st day of November, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE